# �import Richmond.

## WHITE V. OFFIELD.

### DECEMBER 7th, 1893.

PERSONAL REPRESENTATIVES—*Payment—Limitations—Case at bar.*—Balance in administrator's hands at settlement of his accounts was ordered in 1868 to be apportioned among the creditors, the amount to each being ascertained. In 1887 a creditor filed his bill to establish his claim against the administrator's sureties. On demurrer the bill was dismissed and never amended, nor the decision reversed. He then filed his petition in a lien suit pending against the administrator, asking that his debt be paid out of the fund.

HELD:

(1) The order, which was in effect a judgment, was barred in ten years.

(2) The lapse of time raises the presumption of payment, and the laches are fatal.

(3) The question having been decided and the suit dismissed, and no appeal taken, the question is *res judicata.*

Appeal from decree of circuit court of Greene county, rendered at its June term, 1890, in a chancery proceeding wherein R. M. White, the appellant, was plaintiff, and James Offield and others were defendants. Opinion states the case.

*D. Harman, Jr.,* for appellant.

*John E. Roller* and *Duke & Duke,* for appellees.

LACY, J., delivered the opinion of the court.

The appellant, R. M. White, filed his petition in the circuit court of Greene county, in the cause therein of Davis *v.* Offield, seeking to have a certain debt claimed to be due to him by James Offield's estate paid out of the funds in the hands of the court, arising from the sale of the said lands in a creditor's suit against Offield. He sought to have his petition filed in June, 1889. His claim is that his brother, William W. White, had died in October, 1865, leaving a considerable personal estate, and that James Offield had qualified as administrator of his estate in the same month, in the county court of Greene. At the February term following, in 1866, of the said court, an order was entered requiring the said Offield to settle his accounts before a commissioner, and, in pursuance of said order, his accounts were settled, and it was found that there was in his hands as administrator a net balance of $922 36 for distribution among the creditors of said William W. White's estate. The debts were in excess of the assets, and the amount was apportioned by the court, and the interest of each creditor ascertained, and the report confirmed March, 1868. In 1887 the said petitioner, R. M. White, filed his bill in chancery against Offield and his securities, seeking to establish his claim against White's estate against Offield and his sureties, and make it out of the latter, regarding the former as insolvent; but his bill was demurred to, demurrer sustained, the bill never amended, and that suit was dismissed. That in that suit the court decided that he had a judgment against the said Offield by reason of the said proceedings in the county court, and was barred by the statute of limitations. The petitioner asked leave to file his petition in the lien creditor's suit in the said court in the style of Davis *v.* Offield, and the other cases consolidated with it, and that his debt might be declared the first lien on the land, and paid first out of the fund.

At the June term, 1889, of said court, Offield demurred to and answered the said petition. He denied that he owed anything to the creditors of W. W. White. That, many years

before, he had settled his accounts, and returned his vouchers to the clerk's office ; and that by reason of the lapse of so great length of time, or by reason of some unknown cause, they had been misplaced and lost in the clerk's office, and had not yet been found. That the recited orders of the county court in 1868 were not, in his opinion, judgments, but, if so, still they were obtained March, 1868, more than twenty years before, no execution had ever issued on them, and they were barred; and that the demand is stale, by reason of the laches of the creditor, and ought not to be enforced in a court of equity; and, moreover, the said petitioner, at the March rules, 1887, filed his bill against him and his sureties on his official bond as administrator of W. W. White, for the purpose of enforcing his supposed judgments, and at the June term the court decided that he had no valid claim, and dismissed his bill, and he went out of court. That the said bill raised the same questions as those now raised by the petition, and the decree dismissing the said bill was never appealed from, and has become final and irrevocable. That in that suit, by that decree, were settled all the questions involved in that suit actually decided, and all such as might properly have been decided therein, or were involved therein, and therefore the questions now raised are the same questions raised again between the same parties, and are *res adjudicata* and cannot be again heard or decided, and the petition ought to be dismissed, which was done, accordingly, by the court. The circuit court decided that these were judgments, or had the effect of judgments, and were liable to the rules of law applicable to judgments, and were barred by the statute of limitations, no execution having been issued nor *scire facias* sued out thereon within ten years, and dismissed the petition, with costs; whereupon the petitioner, the appellant here, applied for and obtained an appeal to this court.

The decree is plainly right. There is no ground upon which any other could have been placed. (1) The judgments were

barred after the lapse of ten years. (2) The great lapse of time raises the presumption of payment, and the *laches* of the parties in asserting their claims are fatal. (3) The questions having been decided and the suit dismissed, and no appeal taken, the question is *res adjudicata,* and cannot be again raised. *McCormick* v. *Wright,* 79 Va., 533; *Campbell* v. *Campbell,* 22 Gratt., 665; *Insurance Co.* v. *Clemmitt,* 77 Va., 366; *Miller* v. *Cook,* Id. 806; *Hutcheson* v. *Grubbs,* 80 Va., 251: *Rowe* v. *Bentley,* 29 Gratt., 756; *Fleming* v. *Dunlop,* 4 Leigh, 338; *Brown* v. *Butler,* 87 Va., 626. For the foregoing reasons, the decree appealed from must be affirmed.

DECREE AFFIRMED.